Edward J. Maney, Trustee
101 N. 1st Avenue, Suite 1775
Phoenix, AZ 85003
Telephone (602) 277-3776
Fax No. (602) 277-4103
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>WILLIAM CURRY<br>xxx-xx-4599<br><br>ANNA CURRY<br>xxx-xx-5663<br><br>                Debtor(s) | CHAPTER 13 BANKRUPTCIES<br><br>CASE NO. 3:16-bk-04881-DPC<br><br>TRUSTEE'S EVALUATION AND RECOMMENDATION(S) REPORT WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED<br><br>RE: 2nd AMENDED CHAPTER 13 PLAN<br>DKT: 20    DATE; 06/03/2016 |

    Edward J. Maney, Trustee, has analyzed the Debtor's Second Amended Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

GENERAL REQUIREMENTS:

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b. **Requests by the Trustee for documents and information are not superseded by the filing of an amended Plan or motion for moratorium. Failure to provide the required documents could result in the Trustee's filing of a Dismissal order even if an Amended or Modified Plan is filed. All required documentation is required within the guidelines of this recommendation absent a Motion to Extend Time.**

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an Amended or Modified Plan is filed and noticed out.

d. The Debtor(s) is required to provide directly to the Trustee, **within 30 days after the returns are filed,** copies of the federal and state income tax returns for every year during the duration of the Plan. This requirement is to be included in the Stipulated Order Confirming the Plan.

e. At the time of confirmation, the Trustee will require the Debtor(s) to certify that Debtor(s) are current on all required tax filings and any domestic support orders.

f. **AS A REMINDER—PLEASE REDACT ALL DOCUMENTATION SUBMITTED TO OUR OFFICE.**

Trustee's Recommendation
Second Amended Plan
Case #3: 16-bk-04881-DPC

RECOMMENDATION REQUIREMENTS:

1, Plan payments are current with another payment of $590.00 coming due on July 2, 2016.

2. The Trustee requires copies of all monthly business and personal bank and/or credit union statements for <u>all checking and/or savings accounts</u> Debtors maintained for the month the petition was filed. Debtor Schedule B only lists one Bank account however, Spouse's payroll appears to be deposited into a savings account.

   a. If the bank statements do not show the daily balance, the Trustee requires Debtors to provide an itemization showing the beginning balance, deposits, and deductions to the petition date for the Trustee to analyze.

3. The Trustee requires **completed** and **signed** copies of Debtor's 2015 State and Federal tax returns, W-2's and 1099's.

   If Debtor(s) have received significant tax refunds for 2015 which if allowed to continue constitutes a diversion of disposable income. The Trustee requires Debtor to adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly, and provide two consecutive pay stubs to verify this has been corrected, or <u>turn over tax returns and refunds beginning with 2016, 2017 and 2018</u> as supplemental Plan payments.

4. Wells Fargo Bank has filed an objection to the Plan. The Trustee requires the objection to be resolved. Although Wells Fargo has not filed a Proof of claim the Objection filed indicates arrears are owed and the Trustee requires this issue to be resolved or treated in the Stipulated Order Confirming.

   The proof of claim # filed by Internal Revenue Service and claim #3 filed by Toyota Motor Credit Corporation differs from the creditors' treatment under the Plan or is not provided for by the Plan. This discrepancy must be resolved before confirmation of the Plan. The Trustee requires as to each claim that: (a) the Debtor(s) file an objection to the claim (if the debt is believed to be unsecured); (b) the holder of the claim endorse the order confirming the Plan; (c) the order confirming the Plan to provide for payment of the claim pursuant to the claim; or (d) an amended Plan be filed to provide for payment on the claim. The Trustee will require debtor(s) provide written notification as to whether the discrepancy has been resolved by August 5, 2016. If resolution of the claims changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If objections to the proofs of claim are timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after completion of the objections.

Trustee's Recommendation
Second Amended Plan
Case #3: 16-bk-04881-DPC

5. The Trustee has sent the Debtor a business case package, which contained a Business Case Questionnaire, a List of Current Trade Creditors and two Monthly Business Operating Statements (BOS). The Debtor must complete and return the Questionnaire, and the List of Current Trade Creditors to the Trustee within 20 days. Debtor must file Monthly Business Operating Statements with the Court and provide a copy to the Trustee for the months of May, 2016 through July, 2016. Debtor should note that this is a monthly filing requirement, with statements to be filed on or before the 15th of each month, covering self-employment income and expenses for the prior month.

Any proposed Stipulated Order Confirming submitted by the Debtors must include the following provision:

> Pursuant to 11 U.S.C. §521(f)(4), for every tax year during the pendency of the Plan, the Debtor(s) shall prepare and file with the Court (with copies provided to the Trustee) amended Schedules I and J or an equivalent statement showing the income and expenditures of the Debtor(s). If the Debtor(s) are receiving pay stubs as of the date the amended Schedules are required, the Debtor(s) must also provide the Trustee with copies of two most recent, consecutive pay stubs with the amended Schedules. The amended Schedules **shall be filed no later than 45 days before the anniversary of confirmation**. The Debtor(s) will also comply with all other provisions of 11 U.S.C. §521(f)(4) and (g).

6. The Trustee requires the Debtors to provide copies of two most recent, consecutive paystubs from each and every job they each may hold no later than 30 days from the date of this Recommendation. Any paystubs submitted by the Debtors must be *legible* and *complete*, showing all income and deduction amounts in full.

7. Debtors Schedule I indicates Debtor Spouse receives Tribal Dividends. The Trustee requires documentation of this revenue.

8. The Trustee requires documentation of the value of the 2006 Honda Accord and the 1993 Chevy Pick-up and the method used to value these vehicles. The Trustee also requires photos of the vehicles.

9. The Trustee requires documentation of the value of the 7 Mag Rifle, .270 Rifle and the Two .22 Rifles and the method used to determine value. The Trustee requires Debtor to include photos of the Rifles along with the manufacture of each rifle.

-3-
Case 3:16-bk-04881-DPC    Doc 25    Filed 07/13/16    Entered 07/13/16 14:22:02    Desc
Page 3 of 5

Trustee's Recommendation
Second Amended Plan
Case #3: 16-bk-04881-DPC

10. The Trustee requires the following documents to be submitted with the Stipulated Order Confirming:

  a) **A COPY OF THE COURT'S CLAIMS REGISTER.**

11. Considering the claims and objection filed in this case there is a funding shortfall of no less than $5,646.28 to pay administrative, secured and priority claim, which must be resolved prior to confirmation of this case.

12. The Trustee notes Debtors Schedule B, question #7 indicates no ownership in any electronics Televisions, Radios, Audio, Video, stereo, Digital Equipment, Computers, Printers, Scanners, Music Collections, Electrinic Devices including Cell Phones, Cameras, Media Players or games. The Trustee requires documentation of the lack of any of these items or an Amended Schedule B to list the ownership in any of these types of items. **The Trustee reminds the Debtor that they have signed the Schedules in question under penalty of perjury.**

    The Trustee notes Debtors Schedule B list no ownership in any Jewelry. The Trustee requires documentation of the lack of everyday Jewelry, Costume Jewelry, Engagement rings, wedding rings, heirloom jewelry, watches, gems, gold or silver or an Amended Schedule B to list the ownership in any of these types of items. **The Trustee reminds the Debtor that they have signed the Schedules in question under penalty of perjury.**

13. Based upon prior performance, the Trustee conditionally objects to the fees requested by counsel for the debtor(s). The Trustee will withdraw the conditional objection upon confirmation of the debtor(s) plan with the following exceptions. If debtor(s) attorney fails to file all the required statements and schedules within the time set by the Code and any extension granted by the Court, the Trustee will request the Court approve a $750.00 reduction in the fees requested by counsel. The Trustee will request a further $750.00 reduction in attorney fees' if counsel for the debtor(s) fails to timely respond to the Trustee's Recommendation or submit a Stipulated Order Confirming case within the time set by the Trustee. The Trustee will have the conditional objection set for hearing if counsel for the debtor(s) fails to agree to the fee reductions. The conditional objection will not delay confirmation of debtor(s) case. The Trustee will hold funds for counsel until the Court rules on the Trustee's objection. All other monies will be disbursed in due course.

If the Debtor(s) have any questions or concerns regarding this Recommendation, they should contact their attorney. If Debtor(s) are not represented by counsel, they may contact the Case Administrator at extension 207.

Trustee's Recommendation
Second Amended Plan
Case #3: 16-bk-04881-DPC

DEBTORS / DEBTORS' COUNSEL REMINDER - A letter is to be submitted to the Trustee, accompanying any Order Confirming, addressing all issues as they are listed in the Trustee's Recommendation. In addition, **all** documents (ex: tax returns, paystubs etc.) submitted to the Trustee must be redacted by debtors and/ or their counsel.

The Trustee objects to the confirmation of this Plan under present condition(s). **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to become current in Plan payments, resolve above item(s) #2 through 13 and submit Stipulated Order Confirming to the Trustee within 30 days from the date of this Trustee's Recommendation.** *The Trustee requires that any Stipulated Order Confirming contain the "wet" signatures from the debtors, debtors counsel and objecting creditors (where applicable).* **The Trustee reserves the right to file a Supplemental Recommendation.**

Date See Electronic Signature Block

Edward J. Maney, Trustee

Copies of the foregoing mailed on this
Date See Electronic Signature Block to:

William and Anna Curry
615 E. Edison
Williams, Arizona  86046
Debtor(s)

Michael Reddig, Esquire
P.O. Box 22143
Flagstaff, Arizona  86002
Attorney for the Debtor(s)

Trustee's Clerk